UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BILLY JO GISHEY,

                         Plaintiff,

        -against-                                     8:13-CV-1036 (LEK/ATB)

CAROLYN W. COLVIN,
Commissioner of Social Security,

                         Defendant.

_____

**DECISION and ORDER**

This matter comes before the Court following a Report-Recommendation filed on February 23, 2015, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 19 ("Report-Recommendation"). Plaintiff Billy Jo Gishey ("Plaintiff") timely filed Objections. Dkt. No. 20 ("Objections"). Defendant Carolyn Colvin ("Defendant") filed a Response on March 23, 2015. Dkt. No. 21 ("Response"). However, because the Response was filed well after the deadline of March 12, 2015, and Defendant did not seek leave of the Court for an extension of time, the Response will not be considered. Nonetheless, for the reasons that follow, the Report-Recommendation is adopted in its entirety, and Plaintiff's Complaint is dismissed.

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear

error.  Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

Plaintiff argues that Judge Baxter erred in finding that the administrative law judge's ("ALJ") failure to consider and make findings with respect to Dr. Medved's opinion that Plaintiff could only "occasionally" do overhead reaching and reaching in other directions was harmless error. Objs. at 1.  The Court notes that this argument was previously made before Judge Baxter, see Dkt. No. 15 ("Plaintiff Brief") at 2, 7-8, and therefore the Court reviews that aspect of the Report-Recommendation for clear error, see Chylinski, 434 F. App'x at 48.

Although Plaintiff's Objections are not clearly delineated, Plaintiff appears to make the following three arguments, which the Court addresses in turn.  First, Plaintiff argues that Judge Baxter incorrectly found that the checked box on the residual function capacity ("RFC") form was the only evidence on record that Plaintiff was limited in her overhead and other reaching.  See Objs. at 1.  However, Plaintiff has failed to refute Judge Baxter's finding by referencing any facts in the record indicating such a limitation.  Plaintiff asserts that "it is undisputed that [Plaintiff] had significant medical problems in her lumbar spine which required surgery in 2011.  It is also established that the surgery did not completely relieve [Plaintiff's] back problems.  As such there was a medical abnormality that was the basis of Dr. Medved's opinions."  Id. at 1-2.  However, this

2

assertion of a "medical abnormality" is wholly conclusory and does not indicate any medical evidence in the record to support Plaintiff's argument. Moreover, Plaintiff later states that "the absence of any complaints in treatment notes of difficulty reaching is not unusual especially since an individual would not normally do reaching activities for up to one-third of an 8 hour period of time, (or approximately 2 and a half hours), outside of a work setting." Id. at 2. However, Plaintiff's attempt to explain *why* the record lacks medical evidence of her reaching limitations is again wholly conclusory and fails to provide a basis upon which to reject Judge Baxter's finding. Furthermore, Plaintiff's assertion that Judge Baxter used Plaintiff's statement that "whether she had problems reaching 'depends on how [she is] reaching' as evidence that contradicts Dr. Medved's opinion," is a mischaracterization of the Report-Recommendation. See Objs. at 2-3 (citing Report-Rec. at 13). In fact, the Report-Recommendation notes that Plaintiff's statement was the only other instance in the record related to her reaching limitation; however, the Report-Recommendation also notes that "Dr. Medved's own treatment notes never reference any limitations on [P]laintiff's ability to reach," and the same was true of Dr. Flimlin's and Dr. Waseff's reports. Report-Rec. at 13. Therefore, Plaintiff's first argument is without merit.

Plaintiff next argues that Judge Baxter incorrectly applied the treating physician rule. Objs. at 2. Specifically, Plaintiff asserts that because the ALJ gave "great weight" to many of Dr. Medved's opinions—due to her longstanding treatment relationship with Plaintiff—similar weight should have been afforded to Dr. Medved's checked box regarding Plaintiff's reaching limitation. Id. However, Plaintiff's argument is misplaced because the treating physician rule concerns whether a treating physician's medical opinion should be afforded controlling weight, or whether her opinions may be rejected. See Halloran v. Barnhart, 362 F. 3d 28, 32 (2d Cir. 2004). Here, the

3

issue is that the ALJ failed to even *consider* the checked box on Plaintiff's reaching limitation, which in and of itself may have constituted legal error. See Report-Rec. at 12-14; see also id. at 13 (noting that the "ALJ arguably erred in not explicitly addressing the finding of Dr. Medved regarding [P]laintiff's ability to reach, and in not specifying, in his RFC determination, what limitations, if any, [P]laintiff had with respect to reaching"). Yet, the checked box was neither given controlling weight nor rejected, and thus Plaintiff's argument regarding application of the treating physician rule is irrelevant.

Plaintiff's final argument is that Judge Baxter incorrectly relied on Kennedy v. Astrue, 343 F. App'x 719 (2d Cir. 2009), in concluding that remand was not necessary to address the ALJ's failure to consider the checked box and explain in his RFC determination Plaintiff's reaching limitations. See Objs. at 3-4. In Kennedy, the court acknowledged that the ALJ "fail[ed] to make specific findings regarding [plaintiff's] ability to reach," yet emphasized that the claimant bears the burden of proof on establishing RFC, and ultimately concluded that "apart from Dr. Steele's perfunctory, *post hoc* notation . . . [plaintiff] has identified no record evidence that would support a claim that [plaintiff] was limited in her reaching ability." 343 F. App'x at 721. Judge Baxter found that, similarly, here the record includes only one "perfunctory, post hoc notation"—the checked box by Dr. Medved regarding Plaintiff's reaching limitation—and Plaintiff has not identified any record evidence that would support her claim. Report-Rec. at 14.

Plaintiff argues that Kennedy is distinguishable from this case because, in Kennedy, the post-hoc notation was made by a physician whose opinions were contradicted by the findings of every other physician on the record. Objs. at 3. However, Plaintiff's argument conflates and mischaracterizes the court's conclusions in Kennedy. Plaintiff's argument speaks to the Kennedy

4

court's application of the treating physician rule, which the court addressed *after* it had already, and independently, addressed the issue of the post-hoc notation. See 343 F. App'x at 721-22. To be sure, the Kennedy court's finding was strengthened by the fact that the post-hoc notation was contradicted by the other medical evidence in the record. See id. However, again, the court did not rely on this aspect in finding remand unnecessary, and therefore Plaintiff has failed to demonstrate that Judge Baxter committed clear error in following Kennedy.

There being no further objections, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 19) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     March 31, 2015
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge